JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Bradley G. Darrington & Val Darrington

**DEFENDANTS**
Milton Hershey School

**(b)** County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dauphin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fernando Rivera, Esquire
Console Mattiacci Law LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102  215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. § 2000e, et seq. ("Title VII"); 43 P.S. § 951, et seq. ("PHRA").
Brief description of cause:
Plaintiffs bring this action against their former employer for discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/03/2018

SIGNATURE OF ATTORNEY OF RECORD
Fernando I. Rivera, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Robensia, PA _____

Address of Defendant: _____ 801 Spartan Lane, Hershey, PA 17033 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/03/2018                              319009

*Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.   *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Fernando I. Rivera _____, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10/03/2018                              319009

*Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | | |
|---|---|---|---|
| Bradley G. Darrington & | | : | CIVIL ACTION |
| Val Darrington | | : | |
| v | Plaintiffs, | : | |
| | | : | |
| Milton Hershey School | | : | NO. |
| | Defendant. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                   (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| October 3, 2018 | | Fernando I. Rivera, Esquire, Attorney for Bradley & |
| Date | Attorney-at-law | Attorney for Plaintiffs    Val Darrington |
| (215) 545-7676 | (215) 754-4938 | rivera@consolelaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **BRADLEY G. DARRINGTON** Robesonia, PA | : | |
| and | : | |
| **VAL DARRINGTON** Robesonia, PA | : | |
| *Plaintiffs,* | : | |
| v. | : | **CIVIL ACTION NO.** |
| **MILTON HERSHEY SCHOOL** 801 Spartan Lane Hershey, PA | : | |
| *Defendant.* | : | **JURY TRIAL DEMANDED** |

**COMPLAINT**

## I.   INTRODUCTION

Plaintiffs, Bradley G. Darrington and Val Darrington (collectively, "Plaintiffs"), bring this action against their former employer, Milton Hershey School ("Defendant"). Throughout their tenure at Defendant, Plaintiffs were required to attend and participate in Defendant's Evangelical religious programming, which they found discriminatory and offense to their personal religious beliefs and that of other employees and students. After opposing Defendant's discriminatory employment practices internally to no avail, Plaintiffs reported Defendant's conduct to the EEOC and the Pennsylvania Department of Children and Youth Services ("DCYS"). Less than six weeks later, after a targeted internal investigation into Plaintiffs' religious programming complaints, Defendant terminated Plaintiffs' employment.

Plaintiffs were discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania

Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiffs seek all damages, including economic loss, compensatory and punitive damages, attorney's fees and costs, and all other relief this Court deems appropriate under applicable federal and state law.

## II.    PARTIES

1.    Plaintiff, Bradley G. Darrington, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff, Val Darrington, is an individual and a citizen of the Commonwealth of Pennsylvania.

3.    Defendant, Milton Hershey School, is a corporation with a principal place of business located in Hershey, Pennsylvania.

4.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5.    At all times material hereto, Defendant employed fifteen (15) or more individuals.

6.    At all times material hereto, Defendant employed four (4) or more individuals in the Commonwealth of Pennsylvania.

7.    At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business interests.

8.    At all times material hereto, Plaintiffs were employees of Defendant within the meaning of the statutes which form the bases of this matter.

9.    At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the bases of this matter.

2

### III.    <u>JURISDICTION AND VENUE</u>

10.    The causes of action which form the bases of this matter arise under Title VII and the PHRA.

11.    The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

12.    The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

13.    Venue is proper in the District Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000(e)-5(f).

14.    On or about November 15, 2017, Plaintiff Bradley G. Darrington filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein (the "First Charge"). The First Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the First Charge (with personal identifying information redacted).

15.    On or about June 27, 2018, Plaintiff Bradley G. Darrington filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein (the "Second Charge"). The Second Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of the Second Charge (with personal identifying information redacted).

16.    On or about June 27, 2018, Plaintiff Val Darrington filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein (the "Third Charge"). The Third Charge was cross-filed with the

Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein, and marked as Exhibit "C" is a true and correct copy of the Third Charge (with personal identifying information redacted).

17. On or about July 6, 2018, the EEOC issued Plaintiffs Notices of Right to Sue in connection with the First, Second, and Third Charges (the "Notices"). Attached hereto, incorporated herein, and marked as Exhibit "D" are a true and correct copies of the Notices (with personal identifying information redacted).

## IV.    FACTUAL ALLEGATIONS

18. Defendant is a private non-denominational, non-sectarian school located in Hershey, Pennyslvania.

19. Defendant has approximately two thousand (2,000) students in pre-kindergarten through 12th grade.

20. Each of Defendant's students are assigned to one of approximately one hundred and seventy (170) homes across its campus.

21. Each home is assigned full-time two house parents who are encharged with the care and keeping of Defendant's students during their non-class time.

22. On or about May 13, 2013, Plaintiffs were hired by Defendant as house parents.

23. As house parents at Defendant, Plaintiffs were assigned within its Senior Division, specifically caring for male students in grades nine (9) through twelve (12).

24. Defendant employed approximately sixty (60) Senior Division house parents.

25. At all times material hereto, Plaintiffs performed their jobs in an exemplary manner.

26. During the recruitment, interview, and training process, Defendant assured Plaintiffs that it was non-sectarian and that participation in religious training or proselytizing to students was not part of the job duties and prohibited under Defendant's policies.

4

27. Throughout Plaintiffs' tenure at Defendant, Defendant engaged in mandatory Evangelical religious activities directed at its employee and students. For example:

a. Defendant required its house parents to participate in mandatory religious trainings that included inflammatory images and suggested that those who did not believe in a strict interpretation of the Bible were going to "hell";

b. Defendant required its house parents, without regard to religious affiliation (or lack thereof), to oversee mandatory, exclusively Evangelical Christian religious readings and prayer sessions with its assigned students;

c. Defendant required its students to attend local religious camps and retreats run by Evangelical Christian organizations, which mandated that students engage in Evangelical Christian activities and that its employees proselytize as part of their job duties;

d. Defendant sponsored Pastor David Smith ("Pastor Smith"), Pastor with Grace Fellowship, to present mandatory trainings to staff, including Plaintiffs, that used religious messages to suggest an "us against them" philosophy and suggested that the "Christian Nation" was at "war" with non-believers;

e. Pastor Smith's messages included denigration of those who believed in science and evolution, and made violent and/or derogatory messages about individuals living with HIV-AIDS or who were transgendered;

f. During its religious trainings, Defendant openly commented about homosexual students in a discriminatory manner; and

g. Defendant was verbally abusing and retaliating against students who reported issues with its religious programming.

28. Defendant, through its religious activites, threatened its non-Evangelical Christian employees and students with isolation, death, hell, and demonic possession.

5

29.     Beginning in or about January of 2016 and continuing through the course of their employment at Defendant, Plaintiffs complained of religious discrimination related to Defendant's Evangelical religious programming, on behalf of themselves and students, to, without limitation, Jeff Johnson ("Johnson"), Director of Human Resources, William "Skip" Weber ("Weber"), Head of Senior Division, Michael Becker ("Becker"), Senior Director of Special Projects, Joan Singleton ("Singleton"), Vice President of Human Resources, Tim Wasielewski ("Wasielewski"), Senior Director of Homelife Programs, Sharon Hufford ("Hufford"), Director of Senior Division Homelife, and Cindy Kelly ("Kelly"), Director of Social Services.

30.     At all relevant times, Defendant failed to take any action to address or remedy Plaintiffs' complaints of discrimination and continued to require Plaintiffs to participate in Defendant's religious programming, including, but not limited to, mandatory religious trainings, mandatory Chapels, and mandatory devotions.

31.     During a meeting on November 15, 2016, Weber and Johnson intimidated and discouraged Plaintiffs to stop making complaints related to Defendant's religious programming, and called them "political," "ideological," and "intolerant."

32.     On November 5, 2017, Defendant held a mandatory chapel, in which its employees and students were required to attend (the "November 5th Chapel").

33.     During the November 5th Chapel, Pastor Mike Wagner ("Pastor Wagner"), condemned non-Evangelical Christians. For example, during his semon, Pastor Wagner stated, *inter alia*, the following:

     a.     "Submitting to God, compared to not submitting to God, actually means submitting to the world, submitting to the Devil."

     b.     "The Bible says that when we choose not to follow God's way, we are—in effect—following the way of the world—which is the way of the Devil."

6

c.    "To not submit to God actually means to submit to the world and the Devil. Why would anyone want to do that?"

34.    Immediately following the November 5th Chapel, Plaintiff Bradley G. Darrington complained to Wasielewski that the mandatory Evangelical Christian religious ceremony was exclusive of others' religious beliefs and harassing to students and employees.

35.    In response, Wasielewski dismissed Plaintiff Bradley G. Darrington's concerns and stated, "Thanks for sharing."

36.    Wasielewski failed to take any action to investigate or remedy Plaintiff Bradley G. Darrington's complaints regarding the November 5th Chapel.

37.    Upon information and belief, Defendant's student-body and staff are comprised of individuals of many different non-Evangelical Christian religions, including non-Christians and non-religious atheists.

38.    Upon information and belief, approximately fifty-five (55) percent of Defendant's students reported having no religious alignment on their student admission forms.

39.    On November 14, 2017, Plaintiff Bradley G. Darrington, acting in his capacity as a mandatory reporter of suspected child abuse, filed a complaint of child abuse with the Pennsylvania Department of Children and Youth Services ("DCYS") alleging that Pastor Wagner's sermon during the November 5th Chapel and Defendant's other discriminatory religious programming directed towards its students and staff constitituted psychological abuse to its students (the "Childline Report").

40.    The same day, per Defendant's internal procedures, Plaintiffs contacted Defendant's Child Protective Service Coordinator and informed her of Plaintiff's filing of their Childline Report.

7

41.    On or about November 15, 2017, Plaintiff Bradley G. Darrington filed the First Charge with the EEOC alleging religious discrimination against Defendant based on its mandatory discriminatory programming.

42.    On December 5, 2017, Defendant contacted Plaintiff Bradley G. Darrington to schedule an interview regarding Plaintiffs' "religious programming complaints."

43.    Defendant failed to provide a response to Plaintiff Bradley G. Darrington's request for clarification regarding the purpose of the meeting to allow him to prepare.

44.    On December 6, 2017, Plaintiff Bradley G. Darrington met with his union representative, Katherine Adame ("Adame"), Shawna Harrell ("Harrell"), Defendant's Associate General Counsel, and Christine Wechsler ("Wechsler"), an independant investigator, for over five (5) hours (the "December 6th Meeting").

45.    During the December 6th Meeting, Plaintiff Bradley G. Darrington disclosed to Defendant that he filed the First Charge with the EEOC.

46.    During the December 6th Meeting, Plaintiff Bradley G. Darrington again expressed his opposition to Defendant's religious programming as being discriminatory and harassing.

47.    On December 7, 2017, Plaintiff Bradley G. Darrington emailed Defendant a copy of the DCYS's disposition notice related to the Childline Report.

48.    On December 8, 2017, Plaintiff Val Darrington was called into a meeting with Adame, Harrell, and Wechsler, and interviewed for two (2) hours regarding Plaintiffs' "religious programming complaints" (the "December 8th Meeting").

49.    During the December 8th Meeting, Plaintiff Val Darrington expressed her agreement with the allegations of religious discrimination asserted in Plaintiff Bradley G. Darrington's First Charge.

8

50.    During the December 8th Meeting, Plaintiff Val Darrington expressed her own opposition to Defendant's religious programming as being discriminatory and harassing.

51.    On December 28, 2017, without further explanation, Weber called Plaintiffs and informed them to report to Human Resources the following morning.

52.    On December 29, 2017, in a meeting with Weber, Johnson, Hilda Dimopolous ("Dimopolous"), Executive Administrative Assistant, Plaintiffs were informed of their termination.

53.    Defendant's stated reasons for terminating Plaintiffs were (1) Plaintiff Bradley G. Darrington's purported filing of the Childline Report in bad faith, and (2) his failure to submit the DCYS's determination letter to Defendant in a timely manner.

54.    Plaintiffs engaged in protected activity by opposing Defendant's discriminatory religious programming.

55.    Plaintiffs' oppositions to Defendant's religious programming were made with a good-faith belief that Defendant's conduct was discriminatory.

56.    Defendant's stated reasons for terminating Plaintiffs were pretext for retaliation.

57.    The retaliatory actions taken against Plaintiffs after they engaged in protected activity would discourage a reasonable employee from complaining of discrimination.

58.    Plaintiffs' oppositions to Defendant's discriminatory employment practices were a substantial, motivating, and/or determinative factor in Defendant's retaliatory treatment of Plaintiffs, including, but not limited to, their termination.

59.    The discriminatory conduct of Defendant, as alleged herein, was harassing and offensive to Plaintiffs' personal religious beliefs as non-Evangelical Christians.

60.    The discriminatory conduct of Defendant, as alleged herein, subjected both Defendant's non-Evangelical Christian employees and students to a hostile work environment.

9

61.     The discriminatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiffs believe that the conditions of employment had been altered and that a hostile work environment existed.

62.     Defendant failed to prevent or address the discriminatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory conduct.

63.     Defendant acted with malice and/or reckless indifference to Plaintiffs' federally protected rights and warrants the imposition of punitive damages against Defendant.

64.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiffs have in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – TITLE VII

65.     Plaintiffs incorporate herein by reference the above paragraphs as if set forth herein in their entirety.

66.     By committing the foregoing acts of discrimination and retaliation against Plaintiffs, Defendant has violated Title VII.

67.     Said violations were intentional and made with malice and/or reckless indifference to Plaintiffs' rights and warrant the imposition of punitive damages.

68.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiffs have sustained the injuries, damages, and losses set forth herein and have incurred attorney's fees and costs.

10

69.    Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

70.    No previous application has been made for the relief requested herein.

## COUNT II – PHRA

71.    Plaintiffs incorporate herein by reference the above paragraphs as if set forth herein in their entirety.

72.    By committing the foregoing acts of discrimination and retaliation against Plaintiffs, Defendant has violated the PHRA.

73.    Said violations were intentional and made with malice and/or reckless indifference to Plaintiffs' rights and warrant the imposition of punitive damages.

74.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiffs have sustained the injuries, damages, and losses set forth herein and have incurred attorney's fees and costs.

75.    Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

76.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiffs seek damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically pray the Court to grant the following relief to Plaintiffs by:

(a)    Declaring the acts and practices complained of herein to be in violation of Title VII;

11

(b)     Declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     Enjoining and restraining permanently the violations alleged herein;

(d)     Awarding compensatory damages to Plaintiffs to make them whole for the loss of past and future lost earnings, benefits, bonuses, and earning capacity, which Plaintiffs have suffered and will suffer as a result of the unlawful conduct of Defendant;

(e)     Awarding compensatory damages to Plaintiffs for past and future emotional distress, mental anguish, embarrassment, humiliation, loss of life's pleasures, pain and suffering, and harm to reputation;

(f)     Awarding punitive damages to Plaintiffs under Title VII;

(g)     Awarding to Plaintiffs the costs of their action, together with reasonable attorney's fees;

(h)     Awarding Plaintiffs such other damages as are just and appropriate; and

(i)     Granting such other and further relief as this Court deems appropriate.


CONSOLE MATTIACCI LAW, LLC

By:

KATHERINE C. OELTJEN, ESQ.
FERNANDO I. RIVERA, ESQ.
1525 Locust Street, 9th Floor
Philadelphia, PA  19102
Phone: (215) 545-7676
Direct Fax: (215) 754-4938
Oeltjen@consolelaw.com
Rivera@consolelaw.com

Dated: 10/3/2018                                          *Attorneys for Plaintiffs*

12

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br><br>☒ EEOC | Agency(ies) Charge No(s):<br><br>530-2018-00499 |
|---|---|---|

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(Indicate Mr., Ms., Mrs.)*<br>**Mr. Bradley G. Darrington** | Home Phone *(incl. Area Code)* | Date of Birth |
|---|---|---|
| Street Address                         City, State and ZIP Code<br>**Hershey, PA 17033** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**MILTON HERSHEY SCHOOL** | No. Employees, Members<br>**501+** | Phone No. *(Include Area Code)*<br>**717-520-2000** |
|---|---|---|
| Street Address                         City, State and ZIP Code<br>**1201 Homestead Lane, Hershey, PA 17033** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address                         City, State and ZIP Code | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br><br>☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest                    Latest<br>**01-25-2016          11-05-2017**<br><br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I am employed as a houseparent at Milton Hershey School. I believe that I am subject to harassment because of my religion, Deism/Humanism. I am subject to consistent, offensive, religious activities at my work, including: mandatory religious trainings, mandatory Chapels, mandatory devotions, and religious company-sponsored media materials. There is consistent sectarian religion influence at my work, including: prayer in staff meetings, proselytizing music, and religious proselytism by others. Against my conscience, I am required to teach and supervise sectarian religious programs to children. My job performance is, in-part, measured in a religious interpretation (Compass Project Report Card).**

**My employment is significantly different than was represented to me in recruitment, interviews, training, and in company policies. Specifically, my personal beliefs are not respected, as guaranteed by policy. Consequently, I am unable to participate fairly and fully in my work, including: extra duties, entertainments, financial incentive programs, etc. My reports of discrimination are consistently**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| _____        _____<br>Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2018-00499 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

ignored or discouraged by my employer. I have made approximately 40 distinct contacts to several of my managers and administrators. In almost all cases, my managers have failed to investigate my complaints, nor make any corrections. As an example, on November 5, 2017, in a mandatory staff and student meeting, Pastor Mike Wagner characterized my beliefs as "Devil Worship". When I told the head of my department, Tim Wasielewski, he dismissed my complaint, and did nothing more.

I believe that Respondent has unlawfully subjected me to discrimination on the basis of my religion in violation of Title VII of the Civil Rights Act of 1964 in that I have been subjected to and complained of a hostile work environment and Respondent has failed to investigate my claims or take corrective action.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____         _____<br>Date                     *Charging Party Signature* | |

# EXHIBIT B

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>X EEOC | |

| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission: | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Bradley G. Darrington | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>Robesonia, PA 19551 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAMES<br>Milton Hershey School | NUMBER OF EMPLOYEES, MEMBERS<br>> 500 + | TELEPHONE (Include Area Code)<br>717-520-2000 |
|---|---|---|
| STREET ADDRESS<br>1201 Homestead Lane | CITY, STATE AND ZIP<br>Hershey, PA | COUNTY |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>☐ Race  ☐ Color  ☐ Sex  X Religion  ☐ National Origin<br>X Retaliation  ☐ Age  ☐ Disability  ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | *Earliest*          *Latest*  December 29, 2017 |

**The Particulars Are:**

A.   1.   Relevant Work History

My wife, Val Darrington, and I were hired as house parents by Respondent, The Milton Hershey School ("Respondent"), on or about May 13, 2013. Respondent is a residential school with approximately two-thousand (2000) students. Each student is assigned to one of approximately one hundred and seventy (170) homes across campus. Each home is assigned full-time "house parents" who are charged with the care and keeping of the students during their non-class time. At all times material hereto, my wife and I were assigned to be house parents within Senior Division, specifically boys in grades nine through twelve.

At all times I performed my job in an exemplary manner. During the recruitment, interview and training process, Respondent assured me that the school was "non-sectarian" and that participation in religious training or proselytizing to students was not part of the job duties at Respondent. Respondent holds itself out to parents and the public as a non-denominational, non-sectarian school.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – (when necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 6/27/2018  Charging Party *(Signature)*:<br><br>*[signature]* Bradley H. Dyl | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination**

2.     Harm Summary

I believe that the Respondent has discriminated against me because of my religion (and failure to conform to its evangelical religious program) and retaliated against me for complaining of same. Evidence of Respondent's discriminatory and retaliatory conduct includes, but is not limited to the following:

1.   On or about November 5, 2017, I filed a Charge of Discrimination with the EEOC alleging religious discrimination by Respondent. A true and correct copy of the EEOC Charge of Discrimination is attached hereto and incorporated herein as Exhibit "A."

2.   A copy of the Charge of Discrimination was served upon Respondent.

3.   On or about December 29, 2017, I was terminated by Respondent. The only reason given by Respondent related to my efforts to complain of religious discrimination by Respondent and its abusive impact on students at the school.

4.   No other reason for my termination was given by Respondent.

5.   Prior to my termination, for a period of nearly four years, Respondent engaged in discriminatory conduct toward myself, my wife and students on the basis of religion. By way of example, and without limitation:

   a.   Respondent required house parents, including me, to participate in mandatory religious trainings that included inflammatory images and suggested that those who did not believe in a strict interpretation of the bible were going to "hell."

   b.   Respondent required house parents, without regard to religious affiliation (or lack thereof), to oversee "devotions" with our assigned students. The devotions were required without regard to the religious beliefs of the students and contained evangelical messages and themes.

   c.   Respondent required students to attend local camps run by Christian organizations that required its employees to proselytize as part of their job duties.

   d.   Respondent sponsored David Smith, Pastor with Grace Fellowship, to present mandatory trainings to staff, including me, that used messages to suggest an "us against them" philosophy and suggested that the "Christian Nation" was at "war" with non-believers.

   e.   Pastor Smith's messages included denigration of those who believed in science and evolution and violent and/or derogatory messages about individuals living with HIV-AIDS or who are transgendered.

   f.   Employees of Respondent openly commented about homosexual students in a discriminatory manner and against the back drop of their religious beliefs.

6.   From in or about August, 2015 to the time of my termination, I complained of religious discrimination on behalf of myself, my wife, and students within my house (and across campus) to all levels of Respondent, including without limitation to:  my supervisors; Jeff Johnson, Director of Human Resources; William "Skip" Weber, Head of Senior Division; Michael Becker; and, Joan Singleton, Vice President of Human Resources.

7.   In or about mid-November, amid my understanding that I was a mandatory reporter and was required to report emotional abuse on religious grounds of my student, I filed a Child Line report with Dauphin County.

**EEOC Charge of Discrimination**
**Page 3 of 3**

8. On or about December 29, 2017 I was terminated. Respondent told me I was being terminated because I had complained of its emotional abuse of children on religious grounds to Dauphin County.

9. My wife was also terminated on or about December 29, 2017.

10. To the best of my information and belief, I was replaced by house parents who did not complaint of unlawful religious discrimination.

C.    1.    Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my religion (Theism) and retaliated against me based on my complaints of religious discrimination on behalf of myself and others, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"). Respondent's stated reason for my termination is my complaining of discriminatory and retaliatory conduct.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### Bradley G. Darrington v. Milton Hershey School

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC   protects your state rights, especially since there may be circumstances in which state and federal laws    and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are   unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be    dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with    your signature under the verification below, will constitute filing with the PHRC. You have chosen    EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept    EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to   file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is   required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file.   your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

_X_  I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X_   *I understand that false statements in this complaint are made subject to the penalties of*
*18    Pa. C.S. § 4904, relating to unsworn falsification to authorities.*

X  ~~Bradley G. Darrington~~     6/27/2018
           Signature and Date

____   I do not want my charge dual filed with PHRC

_____
Signature and Date

# EXHIBIT A

## (to the Second Charge)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA<br>☒ EEOC | 530-2018-00499 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)*<br>**Mr. Bradley G. Darrington** | Home Phone *(Incl. Area Code)*<br>**208-351-0045** | Date of Birth |
|---|---|---|
| Street Address                                City, State and ZIP Code<br>**635 County Line Lane, Hershey, PA 17033** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**MILTON HERSHEY SCHOOL** | No. Employees, Members<br>**501+** | Phone No. *(Include Area Code)*<br>**717-520-2000** |
|---|---|---|
| Street Address                                City, State and ZIP Code<br>**1201 Homestead Lane,  Hershey, PA 17033** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address                                City, State and ZIP Code | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br><br>☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest                         Latest<br>**01-25-2016**              **11-05-2017**<br><br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I am employed as a houseparent at Milton Hershey School. I believe that I am subject to harassment because of my religion, Deism/Humanism. I am subject to consistent, offensive, religious activities at my work, including: mandatory religious trainings, mandatory Chapels, mandatory devotions, and religious company-sponsored media materials. There is consistent sectarian religion influence at my work, including: prayer in staff meetings, proselytizing music, and religious proselytism by others. Against my conscience, I am required to teach and supervise sectarian religious programs to children. My job performance is, in-part, measured in a religious interpretation (Compass Project Report Card).

My employment is significantly different than was represented to me in recruitment, interviews, training, and in company policies. Specifically, my personal beliefs are not respected, as guaranteed by policy. Consequently, I am unable to participate fairly and fully in my work, including: extra duties, entertainments, financial incentive programs, etc. My reports of discrimination are consistently

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____        _____<br>    Date                   Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2018-00499 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Ignored or discouraged by my employer. I have made approximately 40 distinct contacts to several of my managers and administrators. In almost all cases, my managers have failed to investigate my complaints, nor make any corrections. As an example, on November 5, 2017, in a mandatory staff and student meeting, Pastor Mike Wagner characterized my beliefs as "Devil Worship". When I told the head of my department, Tim Wasielewski, he dismissed my complaint, and did nothing more.

I believe that Respondent has unlawfully subjected me to discrimination on the basis of my religion In violation of Title VII of the Civil Rights Act of 1964 in that I have been subjected to and complained of a hostile work environment and Respondent has failed to Investigate my claims or take corrective action.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |
| _____        _____<br>Date                Charging Party Signature | |

# EXHIBIT C

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA X EEOC | |

| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission: | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.) Val Darrington | HOME TELEPHONE NUMBER (Include Area Code) ▇▇▇▇ |
|---|---|

| STREET ADDRESS ▇▇▇▇▇▇ | CITY, STATE AND ZIP Robesonia, PA 19551 | DATE OF BIRTH ▇▇▇▇ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAMES Milton Hershey School | NUMBER OF EMPLOYEES, MEMBERS ~ 500 + | TELEPHONE (Include Area Code) 717-520-2000 |
|---|---|---|

| STREET ADDRESS 1201 Homestead Lane | CITY, STATE AND ZIP Hershey, PA | COUNTY |
|---|---|---|

| CAUSE OF DISCRIMINATION (Check appropriate boxes)) ☐ Race  ☐ Color  ☐ Sex  X Religion  ☐ National Origin  X Retaliation  ☐ Age  ☐ Disability  ☐ Other (Specify) | DATE DISCRIMINATION TOOK PLACE Earliest                    Latest  December 29, 2017 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

My husband, Brad Darrington, and I were hired as house parents by Respondent, The Milton Hershey School ("Respondent"), on or about May 13, 2013. Respondent is a residential school with approximately two-thousand (2000) students. Each student is assigned to one of approximately one hundred and seventy (170) homes across campus. Each home is assigned full-time "house parents" who are charged with the care and keeping of the students during their non-class time. At all times material hereto, my husband and I were assigned to be house parents within Senior Division, specifically boys in grades nine through twelve.

At all times material hereto, I have performed my job in an exemplary manner. During the recruitment, interview and training process, Respondent assured me that the school was "non-sectarian" and that participation in religious training or proselytizing to students was not part of the job duties at Respondent. Respondent holds itself out to parents and the public as a non-denominational, non-sectarian school.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – (when necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 6/27/18    Charging Party (Signature) *Val Darrington* | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, Month, and year) |

EEOC Charge of Discrimination
Page 2 of 3

2.     Harm Summary

I believe that Respondent has discriminated against me because of my religion (and failure to conform to its evangelical religious beliefs and programs) and retaliated against me for complaining of same. Evidence of Respondent's discriminatory and retaliatory conduct includes, but is not limited to, the following:

1. On or about November 5, 2017 my husband, Brad Darrington, filed a Charge of Discrimination with the EEOC alleging discriminatory and retaliatory conduct by Respondent on the basis of religion. A true and correct copy of the Charge of Discrimination is attached hereto and incorporated herein as Exhibit "A."

2. A copy of the Charge of Discrimination was served upon Respondent.

3. On or about December 29, 2017, I was told that I needed to leave my home on campus and could no longer be a house parent because my husband had been terminated for complaining of religious discrimination by Respondent and its abusive toll on the students.

4. To the best of my knowledge, Respondent did not make any effort to find another position for me on campus though there were many other positions on campus for which I was qualified.

5. Prior to my termination, for a period of nearly four years, Respondent engaged in a pattern of discriminatory conduct toward those who did not follow an evangelical Christian belief system, including house parents and students.

6. Along with my husband, I complained on multiple occasions over a period of approximately eighteen-months, beginning in or about August, 2015 and continuing through my termination, of Respondent's discriminatory practices to multiple senior leaders at Respondent, including, without limitation, Joan Singleton, Vice President of Human Resources.   In addition, information regarding Defendant's discriminatory practices, and the resulting emotionally abusive impact on children, was reported to Dauphin County through a confidential Child Line report. However, Respondent learned of the filing of the Child Line report and stated the filing of the report was the reason for my husband's termination.

7. To the best of my knowledge, I have been replaced by house parents who did not complain of religious discrimination.

C.     1.     Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my religion (Humanist, i.e. non-Christian) and have retaliated against me based on my complaints of religious discrimination on behalf of myself and others, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"). Respondent never provided me with a stated reason for my termination and told me only that my husband's complaining of discriminatory and retaliatory conduct was the reason for his termination.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Val Darrington v. Milton Hershey School**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC   protects your state rights, especially since there may be circumstances in which state and federal laws   and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are   unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be   dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with   your signature under the verification below, will constitute filing with the PHRC. You have chosen   EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept   EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to   file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is   required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file   your complaint in state court. PHRC will inform you of these rights and obligations at that time.

[Sign and date appropriate request below]

_X_ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X_  *I understand that false statements in this complaint are made subject to the penalties of 18  Pa. C.S. § 4904, relating to unsworn falsification to authorities.*

                                              X   ___Val Darrington___ 6/27/18
                                                   Signature and Date

____ I do not want my charge dual filed with PHRC

                                              _____
                                                   Signature and Date

# EXHIBIT A
## (to the Third Charge)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 530-2018-00499 |

| Pennsylvania Human Relations Commission | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Bradley G. Darrington | Home Phone (Incl. Area Code)<br>208-351-0045 | Date of Birth |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 635 County Line Lane, Hershey, PA 17033 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>MILTON HERSHEY SCHOOL | No. Employees, Members<br>501+ | Phone No. (Include Area Code)<br>717-520-2000 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 1201 Homestead Lane, Hershey, PA 17033 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN | Earliest 01-25-2016   Latest 11-05-2017 |
| ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am employed as a houseparent at Milton Hershey School. I believe that I am subject to harassment because of my religion, Deism/Humanism. I am subject to consistent, offensive, religious activities at my work, including: mandatory religious trainings, mandatory Chapels, mandatory devotions, and religious company-sponsored media materials. There is consistent sectarian religion influence at my work, including: prayer in staff meetings, proselytizing music, and religious proselytism by others. Against my conscience, I am required to teach and supervise sectarian religious programs to children. My job performance is, in-part, measured in a religious interpretation (Compass Project Report Card).

My employment is significantly different than was represented to me in recruitment, interviews, training, and in company policies. Specifically, my personal beliefs are not respected, as guaranteed by policy. Consequently, I am unable to participate fairly and fully in my work, including: extra duties, entertainments, financial incentive programs, etc. My reports of discrimination are consistently

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| _____       _____<br>Date                       Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br><br>☒ EEOC | Agency(ies) Charge No(s):<br><br>530-2018-00499 |
|---|---|---|

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

ignored or discouraged by my employer. I have made approximately 40 distinct contacts to several of my managers and administrators. In almost all cases, my managers have failed to investigate my complaints, nor make any corrections. As an example, on November 5, 2017, in a mandatory staff and student meeting, Pastor Mike Wagner characterized my beliefs as "Devil Worship". When I told the head of my department, Tim Wasielewski, he dismissed my complaint, and did nothing more.

I believe that Respondent has unlawfully subjected me to discrimination on the basis of my religion in violation of Title VII of the Civil Rights Act of 1964 in that I have been subjected to and complained of a hostile work environment and Respondent has failed to investigate my claims or take corrective action.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |
| _____   _____<br>　　Date　　　　　Charging Party Signature | |

# EXHIBIT D

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:

**Val Darrington**

**Robesonia, PA 19551**

From:

**Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2018-04475** | **Legal Unit,** **Legal Technician** | **(215) 440-2828** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

J&nie R. Williamson,
**District Director**

7/6/2018
(Date Mailed)

cc:    **MILTON HERSHEY SCHOOL**

Mark Fontana, Attorney at Law (for Respondent)
Katherine Oeltjen, Attorney at Law (for Charging Party)

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:                                                                      From:

Bradley G. Darrington

Robesonia, PA 19551

Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

| | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-00499 | Legal Unit, Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Jamie R. Williamson,
**District Director**

7/6/2018
*(Date Mailed)*

Enclosures(s)

cc:    **MILTON HERSHEY SCHOOL**
Mark Fontana, Attorney at Law (for Respondent)
Katherine C. Oeltjen, Attorney at Law (for Charging Party)

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:                                                                         From:

 Bradley G. Darrington

 Robesonia, PA 19551

Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-04473 | Legal Unit, Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_____
Janice R. Williamson,
**District Director**

7/6/2018
*(Date Mailed)*

cc:   **MILTON HERSHEY SCHOOL**

Mark Fontana, Attorney at Law (for Respondent)
Katherine Oeltjen, Attorney at Law (for Charging Party)