# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRINGTON, *et al.*,<br><br>        *Plaintiffs*,<br><br>v.<br><br>MILTON HERSHEY SCHOOL,<br><br>        *Defendant*. | CIVIL ACTION<br>NO. 18-04265 |

**PAPPERT, J.**                                                                                                  April 3, 2019

## **MEMORANDUM**

Plaintiffs Bradley and Val Darrington sued the Milton Hershey School on October 3, 2018, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. The Darringtons now move to amend their complaint to add an additional claim of retaliation based on a lawsuit that the Milton Hershey School filed against them in state court on November 6, 2018. The Court denies the Motion for the reasons that follow.

I

The Milton Hershey School is a private non-denominational, non-sectarian school located in Hershey, Pennsylvania. (Compl. ¶ 18.) The Darringtons were hired by the School as houseparents on May 13, 2013. (*Id*. at ¶ 22.) As houseparents, they were required to attend and participate in religious programming that they claim was discriminatory and offensive. (*Id*. at ¶¶ 27–34.) On November 14, 2017, Bradley Darrington reported to the Pennsylvania Department of Children and Youth Services a

November 5, 2017 chapel service and sermon that he believed constituted child abuse. (*Id.* at ¶ 39.)

The following day, Bradley filed a charge of discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, alleging religious discrimination based on the School's mandatory religious programming. (*Id.* at ¶¶ 14, 41.) Bradley told school officials that he had filed the charge with the EEOC during a meeting on December 6, 2017. (*Id.* at ¶ 44.) Val expressed her agreement with Bradley's allegations of discrimination during a subsequent meeting with school officials. (*Id.* at ¶ 49.) The School fired both Bradley and Val Darrington on December 29, 2017. (*Id.* at ¶¶ 52–53.)

The Darringtons filed two additional charges with the EEOC and PHRC on June 27, 2018. (*Id.* at ¶¶ 15–16.) The EEOC closed its investigation into the alleged discrimination and retaliation on July 6, 2018 and issued to the Darringtons right-to-sue letters for all three charges. (*Id.* at ¶ 17.) The Darringtons then filed their Complaint in this Court on October 3, 2018.

On November 14, 2018, the School as well as two employees, Timothy Wasielewski and Michael Wagner, filed a *praecipe* for the issuance of a Writ of Summons against the Darringtons in the Dauphin County Court of Common Pleas for "Slander/Libel/Defamation". *See* (Am. Compl. ¶ 56, ECF No. 11-2; Resp. Opp'n Mot. Am. at 3, ECF No. 14). The School sent a letter to the Darringtons' counsel enclosing the Writ of Summons and requesting pre-complaint discovery on November 30, 2018. (Am. Compl. ¶¶ 57–58.)

The Darringtons contend that the School's lawsuit against them is another act of retaliation and they move to amend their Complaint accordingly. *See* (Mem. Supp. Prop. Am. Compl. at 2–3). The School opposes the Motion, arguing, *inter alia*, that the Darringtons failed to exhaust their administrative remedies with respect to the new retaliation claim and that the proposed amendment is therefore futile.

II

The decision to grant or deny a motion for leave to amend rests within the sound discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The court is obligated, however, to grant such amendments "freely [ ] when justice so requires." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). Leave should be denied only if (1) the amendment would prejudice the other party, (2) the moving party has demonstrated undue delay, bad faith or dilatory motives, or (3) the amendment would be futile. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory*, 114 F.3d at 1434 (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). The introduction of claims that are barred by the exhaustion doctrine would be futile, since such claims would be unable to withstand a motion to dismiss. *See Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

Prior to filing suit under Title VII or the PHRA, a plaintiff must exhaust all available administrative remedies, including filing a charge of discrimination with the EEOC or the PHRA, respectively. *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997). Where a plaintiff attempts to assert a claim which was not raised in the

administrative charge, the claim is considered exhausted only if it is "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)). New acts of discrimination that occur subsequent to the filing of the complaint but "during the pendency of proceedings [before the EEOC]" may be fairly considered as encompassed within an earlier charge. *See Robinson*, 107 F.3d at 1026 (citing *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976)).

The Third Circuit Court of Appeals has not issued a precedential opinion on the specific topic of whether a plaintiff must file a separate charge when independently actionable acts occur after the conclusion of an administrative investigation. *See Griggs v. SEPTA*, No. CIV.A. 14-6226, 2015 WL 4476772, at *4 (E.D. Pa. July 22, 2015). The Third Circuit has however concluded in a non-precedential opinion that a new EEOC charge is required when "a discrete act . . . occur[s] after [the plaintiff] had received her right-to-sue letter from the EEO on her earlier claim." *Green v. Postmaster Gen.*, 437 F. App'x 174, 178 (3d Cir. 2011) (citing *Waiters*, 729 F.2d at 237). District courts in the Third Circuit have found the same. *See Ryan v. Gen. Machine Prods.*, 277 F.Supp.2d 585, 594 (E.D. Pa. 2003) (concluding plaintiff did not exhaust a failure to promote claim that occurred over one year after an EEOC charge was filed regarding four other denied promotions, and seven months after the EEOC notified the plaintiff of its findings, because it was not fairly within the scope of the investigation); *Risser v. Steelton-Highspire Sch. Dist.*, No. 1:17-CV-357, 2017 WL 5625766, at *6 (M.D. Pa. Nov. 22, 2017) (ruling that plaintiff had not exhausted his administrative remedies for one alleged incident of discrimination because that incident occurred after plaintiff received

4

the final right-to-sue letter); *Tourtellotte v. Eli Lilly & Co.*, No., 2013 WL 1628603, at *6 (E.D. Pa. Apr. 16, 2013) (finding the plaintiff's claims concerning conduct that occurred after she filed her EEOC charge were properly exhausted because the conduct occurred before the EEOC issued its right-to-sue letter).

Here, the Darringtons move to amend their Complaint to add an additional claim of retaliation based on the School's filing of a *praecipe* for the issuance of a Writ of Summons in state court. *See* (Mem. at 7). Before moving to amend their Complaint, however, the Darringtons did not file a new charge with the EEOC or PHRC. They contend instead that the new retaliation claim is exempt from the administrative exhaustion requirement because it is "related to and derivate from Plaintiff's prior claims". *See* (Reply Supp. Mot. at 2, ECF No. 15). It is not.

The EEOC concluded its investigation and issued right-to-sue letters for all three of the Darringtons' charges on July 6, 2018. The new incident of alleged retaliation via filing the *praecipe* occurred on November 14, 2018. This new claim cannot be deemed "fairly within the scope of an EEOC complaint or the investigation growing out of that complaint", *see Waiters*, 729 F.2d at 237, as it is an independently actionable event that occurred more than five months after the conclusion of the EEOC investigation. Accordingly, the Darringtons have failed to exhaust their administrative remedies with respect to that claim.[1]

An appropriate order follows.

---

[1] Because the Court finds that Plaintiffs failed to exhaust the administrative remedies for the retaliation claim, the Court need not address the other grounds for futility.

5

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.